[1] Reported in 285 N.W. 613.
These facts are undisputed: Bert M. Blackwell, 57 years old, with wife, 48 years old, and five minor children, resided in Chippewa county, this state, from January, 1930, until August 18, 1936, when the family removed to the township of Cosmos in Meeker county, and resided there continuously until September 29, 1937, when they moved to Renville county. In February, 1938, they applied to that county for poor relief and obtained it. The county system of poor relief exists in the counties of Chippewa and Renville, and the township system in Meeker county. The family was *Page 263 
destitute when poor relief was received from Renville county during the months of February, March, April, and June of 1938. Four of the five children were then under 16 years of age. Under these facts the court concluded that the legal settlement of Blackwell and family was in the township of Cosmos at the time it obtained poor relief from Renville county. Cosmos township appeals from the judgment entered upon the findings.
The assignments of error challenge the findings as contrary to the evidence. The present attorney of appellant did not participate in the trial and is not to be charged with any failure there may have been on the part of appellant to adduce evidence showing that any part of the 13 months during which the Blackwell family resided in Cosmos township should be excluded under 3 Mason Minn. St. 1938 Supp. § 3161, which was in force while the family lived in Cosmos. The part of that statute which appellant invokes reads:
"Each month during which he [the pauper] has received relief from the poor fund of any county or municipality or from funds supplied by the State of Minnesota or the United States or any department or departments thereof, supplied as direct relief or in providing work on a relief basis and in lieu of direct relief shall be excluded in determining the time of residence hereunder," etc.
As we understand appellant's brief it is not urged that any part of the 13 months the family — that is, the wife and children — were in Cosmos township should be excluded because Mr. Blackwell was working in Chippewa county and while so working boarded and lodged there; but the contention is that, because the work he was doing was "supplied as direct relief or in providing work on a relief basis and in lieu of direct relief," therefore the time he so worked should be deducted from the period the family were in Cosmos. All the testimony given on the subject of his work came from Mr. Blackwell and is as follows:
Q. "Now, during the time that you resided in Cosmos township did you receive any relief?
A. "I did not. * * *
Q. "Were you employed on any relief work or PWA work? *Page 264 
A. "No.
Q. "While you were in Cosmos township?
A. "None whatever.
Q. "None whatever. During the period from 1930 you have just testified to until the time you left Chippewa county and moved to Cosmos township, had you received any relief from Chippewa county?
A. "I received WPA work.
Q. "WPA work?
A. "Yes, sir.
Q. "And do you remember when that WPA work began?
A. "Well, it started when it first started there. I started the 15th of December, 1933 — wasn't it, when it started, CWA work?
Q. "Well, have you any independent recollection of the time you started?
A. "Fifteenth of December on the CWA, and I was on there all the time.
Q. "That was in 1933?
A. "I think that is when it started."
When later called by appellant, Mr. Blackwell testified:
Q. "You lived in Chippewa county prior to August, 1936?
A. "Yes, sir. * * *
Q. "And at that time you were working on WPA in Chippewa county?
A. "Yes, sir.
Q. "You moved your family to Cosmos township in August, 1936?
A. "Yes, sir.
Q. "Did you move yourself at that time, too?
A. "Yes, sir.
Q. "You moved with your family?
A. "Yes, sir.
Q. "Did you quit your WPA job in Chippewa county?
A. "Not altogether, no.
Q. "Isn't it true that you worked on the WPA in Chippewa county until January, 1937? *Page 265 
A. "Thirtieth of December, part of the time.
Q. "You lived in Chippewa county and worked on WPA until January, 1937?
A. "Part of the time, yes, I stayed there, boarded there.
Q. "Now, you lived in Cosmos township until October, 1937?
A. "Yes, Sir."
It seems to us that the here quoted testimony, and there is no other relating to Mr. Blackwell's work, is altogether too indefinite and unsatisfactory from which a finding could be made that the work as to him was "supplied as direct relief or in providing work on a relief basis and in lieu of direct relief." Even if judicial knowledge be taken that projects labeled by three capital letters of the alphabet are undertaken by the United States government as emergency measures during a depression, the statute (§ 3161) requires that it be shown that Mr. Blackwell was supplied with work as a direct relief or on a relief basis and in lieu of direct relief. It is common knowledge that persons other than those in need of poor relief are upon the pay rolls of the government on its various projects. The evidence does not disclose where or what work Mr. Blackwell did in Chippewa county during his family's residence in Cosmos township or at any time. The findings made appear to us the only ones that could be made upon this record.
Judgment affirmed.
MR. JUSTICE HILTON, incapacitated by illness, took no part. *Page 266